IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

LINO ALBERTO CHAVEZ, *Petitioner*.

No. 1 CA-CR 15-0482 PRPC
FILED 11-16-2017

---

Petition for Review from the Superior Court in Maricopa County
No. CR2012-005785-001
The Honorable Bruce R. Cohen, Judge

**REVIEW GRANTED, RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Respondent*

Janelle A. McEachern Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Petitioner*

Arizona Attorney General's Office, Phoenix
By Terry M. Crist
*Counsel for Amicus Curiae Arizona Attorney General's Office*

Arizona Attorneys for Criminal Justice, Tucson
By David J. Euchner
*Co-Counsel for Amicus Curiae Arizona Attorneys for Criminal Justice*

Federal Public Defender's Office, Phoenix
By Keith James Hilzendeger (argued)
*Co-Counsel for Amicus Curiae Arizona Attorneys for Criminal Justice*

---

**OPINION**

Judge Paul J. McMurdie delivered the opinion of the Court, in which Judge Jon W. Thompson joined. Presiding Judge Kent E. Cattani concurred in the result and offered a concurring opinion.

---

**M c M U R D I E**, Judge:

**¶1**　　　Lino Alberto Chavez petitions this court to review the dismissal of his petition for post-conviction relief of-right. We grant review but deny relief, holding an of-right Rule 32 petitioner is not entitled to a review of the record by the superior court for arguable issues as required for direct appeals under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969).[1]

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**　　　In January 2012, Chavez was indicted on one count of first degree murder, a Class 1 dangerous felony, one count of robbery, a Class 4 felony, and one count of trafficking in stolen property, a Class 3 felony. The State alleged that Chavez drove the vehicle in which he and his codefendant fled after the codefendant stole a laptop computer. The victim died from injuries she sustained when she attempted to hang on to Chavez's vehicle as it sped away. Chavez pled guilty to one count of second degree murder,

---

[1]　　　Chavez raises other issues that do not meet the criteria for publication. *See* Ariz. R. Sup. Ct. 111(b); ARCAP 28(b). We address those issues in a separate, contemporaneously filed memorandum decision. *See* Ariz. R. Sup. Ct. 111(h); *Bobrow v. Bobrow*, 241 Ariz. 592, 594, ¶ 2, n.3 (App. 2017).

a Class 1 dangerous felony, and the superior court sentenced him to a presumptive term of 16 years' imprisonment.

¶3            Chavez filed a timely notice of post-conviction relief ("PCR") and his appointed Rule 32 counsel filed a notice of completion. Chavez then filed a *pro se* petition for post-conviction relief, which the superior court summarily denied. This timely petition for review followed.

¶4            In *Pacheco v. Ryan*, the United States District Court for the District of Arizona granted a petition for writ of habeas corpus filed after this court denied relief to a defendant seeking an *Anders* type of review after pleading guilty to child molestation in superior court. CV-15-02264-PHX-DGC, 2016 WL 7407242, *10 (D. Ariz. Dec. 22, 2016).[2] In that case, the defendant, Pacheco, entered into a written plea agreement and therefore had no right to a direct appeal under Arizona law. *Id.* at *1. After sentencing, Pacheco was appointed counsel in a PCR proceeding, who notified the court, after reviewing the record, that there were no arguable issues. Pacheco subsequently filed a *pro se* petition for post-conviction relief in superior court. *Id.* at *1–2. The superior court summarily denied his petition, and Pacheco filed a petition for review in this court arguing the superior court erred by not reviewing the record for "fundamental error" in accordance with *Anders*. *Id.* at *2. This court granted review but denied relief stating the court was not required to review Pacheco's petition for fundamental error. *Id.*; *State v. Pacheco*, 2 CA-CR 2015-0240-PR, 2015 WL 5945442, at *1, ¶ 4 (Ariz. App. Jan. 1, 2015) (mem. decision). The district court found that "Petitioner's rights under *Anders* were violated by the failure of the trial court to independently review the record for non-frivolous issues for review," and granted the petition, ordering Pacheco released unless the superior court conducted an independent review of the record consistent with *Anders* within 90 days. *Id.* at *2, *10. The district court held *Anders* protections applied to Rule 32 of-right proceedings because, under *Pennsylvania v. Finely*, 481 U.S. 551, 554 (1987),

---

[2]            While we consider the opinions of the lower federal courts regarding the interpretation of the Constitution, such authority is not controlling on Arizona courts. *State v. Montano*, 206 Ariz. 296, 297, n.1 (2003) ("We are not bound by the Ninth Circuit's interpretation of what the Constitution requires."); *State v. Vickers*, 159 Ariz. 532, 543, n.2 (1989) (declining to follow a Ninth Circuit decision which held Arizona's death penalty statute unconstitutional because that decision rested on "grounds on which different courts may reasonably hold different views of what the Constitution requires"); *State v. Swoopes*, 216 Ariz. 390, 401 (App. 2007).

"*Anders* requirements extend to any case in which a constitutional right to counsel exists." *Id.* at \*8. The court reasoned that because defendants in Rule 32 of-right proceedings have a federal constitutional right to counsel, *Anders* protections must apply to them. *Id.* While the district court noted *Anders* procedures can be independently developed by states, it found Arizona's current procedure did not adequately comply with those protections. *Id.* at \*8, \*10.

¶5            Chavez, like Pacheco, requested that this court review the record for "fundamental error." Recognizing the recurring issue raised by the district court's order in *Pacheco*, this court requested briefing on the issue from Chavez's appointed counsel and from the State, as well as from *Amici Curiae* with interest in our current Rule 32 procedure. We have jurisdiction to review this petition pursuant to Arizona Rule of Criminal Procedure 32.9(c).

## DISCUSSION

**A Criminal Defendant Is Not Entitled to *Sua Sponte* Review
for Arguable Issues Under *Anders* in an Of-Right Petition
for Post-Conviction Relief.**

¶6            Chavez claims, based on *Pacheco*, that an *Anders*-type review is constitutionally required when a pleading defendant files an of-right

petition for post-conviction relief.[3] Thus, we address whether the superior court had a *sua sponte* obligation to review for arguable issues under *Anders* and *Leon*, and whether this court is similarly required to conduct such review. Because the claim is that the obligation under *Anders* requires *sua sponte* review by the superior court, Chavez did not waive the issue under Rule 32.2(a)(3) by failing to raise the claim in the superior court. *See United States v. Dreyer*, 705 F.3d 951, 960–61 (9th Cir. 2013) (when there is a genuine doubt about a defendant's competency, regardless of objection, it arises to reversible plain error because of the court's independent duty to establish competency); *State v. Schossow*, 145 Ariz. 504, 508 (1985) (failure of defense counsel to object to competency of witnesses under the age of ten did not waive argument because error was fundamental and prejudicial based on trial court's duty to *sua sponte* inquire about the competency of child witnesses). However, the better practice, to avoid waiver, is always to ask the superior court to correct its alleged errors in the first instance.

1. **Arizona's Elimination of the Conventional Direct Appeal for Criminal Defendants Who Plead Guilty.**

¶7 The Arizona Constitution guarantees criminal defendants the right to an appeal. Ariz. Const. art. 2, § 24. In 1992, to reduce the burden on appellate courts, the legislature amended Arizona Revised Statutes ("A.R.S.") section 13-4033(B) to state: "In noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea

---

[3] Although Chavez phrased his claim for independent review required by *Anders* as "fundamental error" review, it is important to note *Anders* required courts to independently review the record to confirm counsel's finding that an appeal is "frivolous." *Smith v. Robbins*, 528 U.S. 259, 279 (2000). This is different than fundamental error review under Arizona law. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005). For direct appeal cases, Arizona courts have sometimes referred to *Anders* review as a review for fundamental error. *See, e.g.*, *State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). In other direct appeal cases, appellate courts have denied relief after determining that there were no non-frivolous or arguable issues requiring additional briefing. *See, e.g.*, *State v. Thompson*, 229 Ariz. 43, 44–45, ¶¶ 1, 4 (App. 2012). Regardless of the nomenclature, Arizona courts have been appropriately reviewing for arguable issues on direct appeal as required by *Anders*. *See Penson v. Ohio*, 488 U.S. 75, 81 (1988) (reversible error committed if reviewing court finds arguable issues but fails to have counsel present such claims); *Anders*, 386 U.S. at 744 (if arguable issues are found, court "must, prior to decision," have those issues presented by counsel).

agreement or an admission to a probation violation." In conjunction with this change, the Arizona Supreme Court amended several rules of procedure to make clear that, "[b]y pleading guilty or no contest in a noncapital case, a defendant waives the right to have the appellate courts review the proceedings by way of direct appeal, and may seek review only by filing a petition for post-conviction relief pursuant to Rule 32 . . . ." Ariz. R. Crim. P. 17.1(e); *see* Ariz. R. Crim. P. 17.2(e), 32.1.

**¶8**        Although pleading defendants waive a direct appeal, the Arizona Supreme Court held that such defendants can nonetheless file a petition for post-conviction relief challenging the judgment and sentence. *Wilson v. Ellis*, 176 Ariz. 121, 123 (1993) ("It was precisely because of art. 2, § 24 that this court expressly left open the avenue of appellate review by PCR in lieu of direct appeal when it amended the rules with respect to cases involving [pleas]."). The filing of a post-conviction relief petition by a pleading defendant became known as an "of-right" petition. Ariz. R. Crim. P. 32.1. The Arizona Supreme Court also amended Rule 32 to require the appointment of counsel for indigent defendants seeking "of-right" post-conviction relief. Ariz. R. Crim. P. 32.4(c)(2). Under the rule, if counsel "determines there are no colorable claims which can be raised," counsel must notify the court by way of what is known as a *Montgomery* notice. *Id.*; *Montgomery v. Sheldon*, 181 Ariz. 256, 260 (*Montgomery I*); *op sup.*, 182 Ariz. 118, 119 (*Montgomery II*) (1995), *overruled by State v. Smith*, 184 Ariz. 456 (1996) (a pleading defendant does not have a right to appointed counsel in a review from denial of post-conviction relief proceeding).[4] The court must then allow the defendant the opportunity to file a *pro se* petition. Ariz. R. Crim. P. 32.4(c)(2). Importantly, counsel does not withdraw from representing the defendant at this stage, but rather "[c]ounsel's role is then limited to acting as advisory counsel until the trial court's final determination." *Id.* After following this procedure, the court may either

---

[4]        *Montgomery II* was overruled in part because the legislature repealed former A.R.S. § 13-4035, which required the appellate courts to review for fundamental error when considering a criminal matter. *Smith*, 184 Ariz. at 459; 1995 Ariz. Sess. Laws, ch. 198, § 1 (1st Reg. Sess.).

dismiss the petition by summary disposition or set a hearing on the claims presented in the *pro se* petition. Ariz. R. Crim. P. 32.6(c).[5]

### 2. The Arizona Supreme Court Has Determined That the Superior Courts are Not Required to Review Of-Right Petitions for Post-Conviction Relief for Arguable Issues.

¶9 The United States Supreme Court established the *Anders* procedure to ensure substantial equality and fair process when defense counsel concludes that a client's appeal is "wholly frivolous." *Anders*, 386 U.S. at 744; *see also Penson v. Ohio*, 488 U.S. at 82–83. In such cases, counsel should advise the appellate court of this conclusion and request permission to withdraw along with providing a brief referring to portions of the record that "might arguably support the appeal." *Anders*, 386 U.S. at 744. The defendant must be afforded an opportunity to raise any points of error in a *pro se* filing. *Id.* Thereafter, to ensure the defendant's Sixth Amendment right to counsel, the court must (1) satisfy itself that counsel diligently and thoroughly searched the record for any arguable claim on appeal, and (2) determine whether counsel correctly concluded that the case is wholly frivolous. *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 442 (1988). If the court agrees with counsel's determination, it may grant the withdrawal request and either dismiss the appeal or, if state law requires, decide the case on the merits. *Anders*, 386 U.S. at 744. If the court "finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Id.* The Arizona Supreme Court later adopted this procedure for direct appeals in *Leon*. 104 Ariz. at 299.

¶10 After *Anders*, the United States Supreme Court has reviewed several state procedures and, on a case by case basis, decided whether those procedures met the federal constitutional standard. *See, e.g.*, *Smith v. Robbins*, 528 U.S. at 265 ("The procedure we sketched in *Anders* is a prophylactic one; the States are free to adopt different procedures, so long as those procedures adequately safeguard a defendant's right to appellate counsel."); *McCoy*, 486 U.S. at 444 (upholding Wisconsin's procedure); *Penson v. Ohio*, 488 U.S. at 81–82 (finding Ohio's procedure inadequate). If

---

[5] Chavez's PCR counsel complied with Arizona practice by filing a detailed *Montgomery* notice which included the list of documents she reviewed and an explanation that she was unable to find any claims for relief. The superior court did not release counsel until after dismissing the issues raised in the *pro se* petition. Chavez's superior court PCR counsel has not been involved in the briefing of the issues on review.

a state procedure "afford[s] adequate and effective appellate review to indigent defendants" by ensuring "an indigent's appeal will be resolved in a way that is related to the merit of that appeal," the federal constitutional requirements are met. *Robbins*, 528 U.S. at 276–77.

**¶11**    Chavez contends, echoing the *Pacheco* order, that because defendants who have pled guilty in Arizona have a right to counsel in post-conviction relief proceedings, they should also have a right to have the superior court review the record under *Anders* to determine if their petitions for post-conviction relief are truly frivolous.

**¶12**    While the District Court in *Pacheco* found a defendant who had pled guilty at trial was entitled to have the superior court independently review the record under *Anders* in a Rule 32 petition because he had a right to counsel during that proceeding, *Pacheco*, 2016 WL 7407242 at *8, the Arizona Supreme Court, and this court, have held that no *Anders*-type review is required in Rule 32 proceedings. *Compare Graves v. McEwen*, 731 F.3d 876, 880–81 (9th Cir. 2013) (Ninth Circuit Rule 4-1 requires appointed counsel in 28 U.S.C. § 2254 proceedings to file an *Anders* brief), *with Smith*, 184 Ariz. at 459, *and Wilson v. Ellis*, 176 Ariz. at 124 ("[W]e are not commanding, nor do we want, trial courts to conduct *Anders*-type reviews in PCRs."), *and State v. Thompson*, 139 Ariz. at 554, *and State v. McFord*, 125 Ariz. 377, 380 (App. 1980). Additionally, nothing in Arizona Rule of Criminal Procedure 32 requires the superior court or this court to conduct an *Anders* review of a defendant's case. Ariz. R. Crim. P. 32.6(c).[6]

**¶13**    While Arizona has granted defendants in of-right post-conviction proceedings the right to counsel, *State v. Pruett*, 185 Ariz. 128, 131 (App. 1995), and the federal constitution guarantees defendants counsel in such proceedings, *Halbert v. Michigan*, 545 U.S. 605, 610 (2005), our supreme court has found no requirement that such state-created post-conviction review be subject to *Anders* review. *See Smith*, 184 Ariz. at 460; *see also Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987) ("[W]e reject [the] argument that the *Anders* procedures should be applied to a state-created right to counsel on postconviction review just because they are applied to the right to counsel on first appeal that this Court established . . . .");

---

[6]    While Chavez argues both the superior court and this court should review his record for error, because this court's review of petitions for post-conviction relief is discretionary, *Smith*, 184 Ariz. at 459, there is accordingly no right to an *Anders*-type review in this court of the dismissal of an of-right PCR proceeding. *See Pennsylvania v. Finley*, 481 U.S. at 556.

*Fitzgerald v. Superior Court (State)*, 402 P.3d 442, 448, ¶ 17 (2017) ("[T]he right to PCR counsel under § 13-4041(B) does not also create or include 'a "statutory right" to competence.'").

**¶14**    Beyond theses authorities, the practicalities of the matter demonstrate the fallacy in Chavez's contentions. Chavez argues that, because a defendant who goes to trial receives *Anders* review on direct appeal, a defendant who pleads guilty should receive the same protections in an of-right Rule 32 proceeding. But that argument ignores the significant difference between a trial—where a record is created for review—and a plea proceeding, where the proceedings (and record) are necessarily truncated because of the guilty plea. A defendant who pleads guilty waives the right to assert on review all non-jurisdictional defenses, including deprivations of constitutional rights. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("a guilty plea represents a break in the chain of events which has preceded it in the criminal process"; when a criminal defendant, on advice of counsel, "has solemnly admitted in open court that he is guilty of [a charged offense], he may not thereafter raise independent claims relating to deprivation of constitutional rights" that antedated the plea). The rights a defendant waives by pleading guilty include the right to a preliminary hearing, the right to a jury trial, the right to cross-examine witnesses and present evidence, the right to remain silent, and the right to a direct appeal. *See Halbert*, 545 U.S. at 637, 642 (Thomas, J., dissenting) ("Legal rights, even constitutional ones, are presumptively waivable."). And because a pleading defendant waives those rights, there is no need to create in the first instance in the trial court a record relating to possible appellate claims—other than for issues relating to the voluntariness of the guilty plea.

**¶15**    Unlike the direct appeal, where the appellate court has access to the same record that appellate counsel reviews for error, the post-conviction proceeding is one in which counsel can raise issues that are not apparent from the court record. Generally, to prevail on a PCR claim, counsel must investigate beyond the court record and present that evidence to the superior court. For example, if PCR counsel raises an ineffective assistance of counsel claim for failing to properly advise the defendant about the plea agreement, PCR counsel must present evidence developed outside the court record. But such an ineffective assistance of counsel claim cannot be made without undertaking an investigation into extra-record information. In contrast, when reviewing for the limited issues that can arise in an of-right proceeding, superior courts do not undertake an extra-judicial record investigation necessary to search for arguable issues. Indeed, the necessity for an extra-judicial record was part of the reasoning behind the elimination of direct appeals in plea agreement cases and the

change in the Arizona Rules of Criminal Procedure. *See* Charles R. Krull, *Eliminating Appeals from Guilty Pleas*, ARIZONA ATTORNEY, Oct. 1992, at 35; Crane McClennen, *Eliminating Appeals from Guilty Pleas: Making the Process More Efficient*, ARIZONA ATTORNEY, Nov. 1992, at 16. Because the superior court is not able to undertake an extra-record investigation, the court is simply not situated to undertake an *Anders*-type review in a PCR proceeding.

¶16 Additionally, the sheer volume of post-conviction of-right petitions in the superior court bolsters our current procedure as well. There were more than 3000 petitions for post-conviction relief pending in superior court at the end of fiscal year 2016. Arizona Supreme Court, *Superior Court Case Activity Fiscal Year 2016*, available at http://www.azcourts.gov/Portals/39/2016DR/SuperiorCourt.pdf#page =3. To require the superior court to conduct *Anders*-type reviews of the record in all these cases would only further burden our already taxed state court system, especially when "the number of meritorious cases is 'infinitesimally small.'" *Davila v. Davis*, 137 S.Ct. 2058, 2070 (2017) (rejecting a proposed rule that "would likely generate high systemic costs and low systemic benefits").

¶17 As the *Amici* have recognized in their briefing, without further guidance from either the Arizona Supreme Court or the United States Supreme Court, we will continue to follow our state's established procedure. *See State v. Smyers*, 207 Ariz. 314, 318, ¶ 15, n.4 (2004) ("The courts of this state are bound by the decisions of [the Arizona Supreme Court] and do not have the authority to modify or disregard this court's rulings."). Currently, that procedure does not require the superior court to review of-right petitions for post-conviction relief for arguable issues in accordance with *Anders*.

## CONCLUSION

¶18 In accordance with the Arizona Supreme Court's decisions and our current Arizona Rules of Criminal Procedure, we hold that the superior courts are not required to conduct *Anders* review in a Rule 32 of-right petition. Accordingly, we grant review but deny relief.

C A T T A N I, J., specially concurring:

¶19 I agree that under controlling Arizona Supreme Court authority and our current Rules of Criminal Procedure, Chavez is not entitled to the relief he requests. I write separately, however, to express my view that there are compelling reasons for the Arizona Supreme Court to

consider modifying the procedural rules to provide for a limited *Anders*-type review in Rule 32 of-right proceedings for pleading defendants that is similar to the review currently provided on appeal for non-pleading defendants.

¶20 I recognize that there are significant differences between the scope of review available following a guilty plea and that available following a trial. As the Opinion notes, a pleading defendant waives all non-jurisdictional defects—even constitutional claims—relating to issues underlying the conviction. Moreover, the record created in plea proceedings is necessarily more truncated than that developed during trial proceedings. Nevertheless, certain claims—for example, those relating to the voluntariness of the plea and to the sentence imposed—are not waived by pleading guilty, and the truncated record is sufficient to enable review of those types of claims. And because a pleading defendant in a noncapital case may not appeal and is instead limited to a Rule 32 of-right proceeding, the protections provided by an *Anders* procedure on appeal—in which a court reviews the appellate record for non-frivolous issues after being advised that counsel has not found any, *see State v. Leon*, 104 Ariz. at 299—should arguably be applied as to viable issues in the of-right proceeding.

¶21 The Opinion notes the large number of cases that are resolved through plea proceedings and the burden on the superior court that will result from *Anders*-type review in those cases. Although I agree that proposed procedures that generate significant systemic costs with low systemic benefits should not be lightly undertaken, in my view, a carefully tailored *Anders*-type procedure providing limited review of record-based, non-waived claims should be provided by the superior court in of-right post-conviction proceedings to ensure that pleading defendants are given the same type of review of non-waived claims that non-pleading defendants receive on appeal.[7]

---

[7] The Opinion notes—and I agree—that *Anders*-type review of ineffective assistance of counsel claims is not feasible given that such claims generally rely on an investigation beyond the judicial record. In the hopefully rare case in which post-conviction counsel fails to identify and develop a viable claim of ineffective assistance of plea counsel, such a claim must be developed through a subsequent Rule 32 claim of ineffective assistance of appellate (here, post-conviction) counsel, rather than through an *Anders*-type review. And the same can be said for any other claim that requires evidentiary development beyond the judicial record. Such claims are necessarily beyond the scope of an *Anders*-type review.

¶22    Furthermore, as detailed in the Opinion, in *Pacheco v. Ryan*, the United States District Court for the District of Arizona ruled that the United States Constitution requires the type of review Chavez seeks in this case. The State apparently did not appeal the *Pacheco* decision and agrees with Chavez and *Amici* that *Anders*-type review should be provided in of-right post-conviction proceedings. Thus, assuming federal courts continue to apply the rule set forth in *Pacheco*, unless Arizona institutes an *Anders*-type review in Rule 32 of-right proceedings, those courts will presumably continue to order the state court to conduct such an *Anders*-type review following federal habeas proceedings under 18 U.S.C. § 2254, often years after a defendant's conviction becomes final in state court. Given these circumstances, failing to incorporate *Anders*-type review in Rule 32 of-right proceedings in the first instance simply delays the requested review.

¶23    The State has proffered a proposed rule to provide for *Anders*-type review in Rule 32 of-right proceedings. And *Amici* in support of Chavez note that several other jurisdictions provide such review following plea proceedings, and that appellate courts in some of those jurisdictions have published checklists for counsel to follow when filing an *Anders*-type brief. I would adopt such a checklist, along with a requirement that post-conviction counsel's briefing detail the work done in assessing whether there are viable claims for relief, as procedures to help to ensure compliance with counsel's obligations to the client and the court. And given the general agreement by the parties and *Amici* that *Anders*-type review should be provided in Rule 32 of-right proceedings, I would seek further input from them, as well as others interested in the criminal justice system, to craft procedures to ensure meaningful review of non-waived claims in Rule 32 of-right proceedings.

